UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON

**ANGELA TURLEY,**

        **Plaintiff,**

**v.**                                                    **Case No. 3:18-cv-01474**

**WESTERN REGIONAL JAIL,**
**BRITTANY ADKINS, and MEDICAL STAFF,**

        **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is PrimeCare Medical of West Virginia's Motion to Dismiss the Complaint and Alternative Motion for Summary Judgment (ECF No. 17) concerning the claims against its unspecified "Medical Staff."

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On November 29, 2019, the Clerk's Office received a letter-form complaint (ECF No. 1) which addressed an alleged assault on the plaintiff and her cellmate at the Western Regional Jail ("WRJ") by Correctional Officer Brandy Adkins. The letter-form Complaint further addressed issues concerning the plaintiff's medical treatment at the WRJ, including treatment for an infected finger and Hepatitis A, and the delay in receiving a pap smear, despite a history of cervical cancer. (*Id.*)

On November 30, 2018, United States Magistrate Judge Cheryl A. Eifert entered a Memorandum Opinion and Order directing the plaintiff to either pay the $400 filing fee or file an Application to Proceed Without Prepayment of Fees and Costs, and to file an Amended Complaint within 30 days. (ECF No. 3). On December 14, 2018, the plaintiff filed an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 4) (hereinafter "Application") and an Amended Complaint (ECF No. 6). On December 17, 2018, Magistrate Judge Eifert granted the plaintiff's Application and ordered service of process on the defendants named in the Amended Complaint. (ECF No. 7).

The plaintiff's Amended Complaint, which names the Western Regional Jail, Brittany Adkins, and "Medical Staff" as defendants, alleges, *inter alia*, that, while she was incarcerated at the Western Regional Jail between May of 2018 and January of 2019, she was denied proper medical treatment. Specifically, the plaintiff alleges:

> Shortly after I got to Western I had infected finger. I filled out a sick call, told several officers and family had my mom call here to get me to medical. The infection had reached my knuckle & was black by then. The doctor lanced it and sent me to the pod. I'm not sure of the time frame but Ms. Maynard kept telling me I was yellow. The other inmates were telling me I look like a highlighter. Ms. Maynard finally got me to medical. They drew blood, I tested positive for acute Hep A. I was housed in medical for 18 days. While in medical, they were showering & calls one day and I'm the only one who didn't get to shower, didn't get out of my cell. CRPI Cobb done a walk thru & he told me he would get me out. The officer never did get me out. So Cobb personally let me out to shower & use the phone. I asked him why I didn't get to shower & he said "everyone was afraid of me because of the Hep A."

(ECF No. 6 at 5-6). The Amended Complaint does not specifically address the plaintiff's allegations concerning the delay in receiving a pap smear, which was cursorily addressed in the initial letter-form complaint (ECF No. 1 at 1).

On March 4, 2019, PrimeCare Medical of West Virginia, Inc. filed the instant Motion to Dismiss and Alternative Motion for Summary Judgment (ECF No. 17) and a

Memorandum of Law in support thereof (ECF No. 18), asserting that the plaintiff failed to exhaust her administrative remedies prior to filing this civil action, that she failed to comply with the requirements of the West Virginia Medical Professional Liability Act (the "MPLA"), West Virginia Code § 55-7B-1 *et seq.*[1], and that the Amended Complaint fails to state a claim upon which relief can be granted with respect to the plaintiff's medical treatment. In the alternative, PrimeCare asserts that, based upon the plaintiff's medical records, which are attached thereto, the medical treatment provided to the plaintiff concerning these issues while she was at the WRJ did not rise to the level of deliberate indifference to a serious medical need necessary to establish a violation of the Eighth Amendment.

On March 5, 2019, the undersigned entered an Order and Notice (ECF No. 21), in accordance with the decision in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising the plaintiff that she had a right and obligation to respond to the medical defendants' Motion to Dismiss and alternative Motion for Summary Judgment (ECF No. 17). On March 22, 2019, the plaintiff was granted an extension of time to file her response. (ECF No. 25).

On April 22, 2019, the plaintiff filed a Memorandum in Opposition to PrimeCare's Motion to Dismiss and Alternative Motion for Summary Judgment (ECF No. 26). The plaintiff asserts that she could not properly exhaust her administrative remedies because she was transferred to another facility. However, she does not specify when she was transferred. The plaintiff further clarifies that she is not bringing a medical negligence claim; thus, the MPLA is inapplicable herein and the undersigned declines to further

---

[1] The MPLA requires a plaintiff alleging negligence by a medical professional to provide a Notice of Claim and a Screening Certificate of Merit at least 30 days prior to the initiation of such suit.

3

address that issue. Finally, the plaintiff asserts that her claims meet both prongs of a viable Eighth Amendment claim. PrimeCare did not file a reply brief. This matter is ripe for adjudication.

## **STANDARD OF REVIEW**

### *Dismissal for failure to state a claim upon which relief can be granted*

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id*. at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.

4

> While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

556 U.S. at 678-79.

### *Summary Judgment*

In evaluating summary judgment motions, Rule 56(a) of the Federal Rules of Civil Procedure provides:

> A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed. R. Civ. P. 56(a) (2010). Material facts are those necessary to establish the elements of a party's cause of action. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. *Id.* The moving party has the burden of establishing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Even if there is no dispute as to the evidentiary facts, summary judgment is also not appropriate where the ultimate factual conclusions to be drawn are in dispute. *Overstreet v. Kentucky Cent. Life Ins. Co.*, 950 F.2d 931, 937 (4th Cir. 1991).

Rule 56(c)(1) of the Federal Rules of Civil Procedure provides that:

> A party asserting that a fact cannot be or is genuinely disputed, must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or

>declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
>>(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Subsection (e) of Rule 56 provides that, if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact, the court may: (1) give the parties an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and undisputed supporting materials show that the movant is entitled to it; or (4) issue any other appropriate order. Fed. R. Civ. P. 56(e).

A court must neither resolve disputed facts nor weigh the evidence, *Russell v. Microdyne Corp.*, 65 F.3d 1229, 1239 (4th Cir. 1995), nor make determinations of credibility. *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986). Rather, the party opposing the motion is entitled to have his or her version of the facts accepted as true and, moreover, to have all internal conflicts resolved in his or her favor. *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979). Inferences that are "drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). However, the party opposing the motion may not rely upon mere allegations or denials of the pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Sprenkle v. Hartford Life Ins. Co.*, 84 F. Supp. 2d 751 (N.D. W. Va. 2000).

If a party's motion relies upon materials outside of the four corners of the Complaint to support its claim or defenses, as does PrimeCare 's motion, the court may

treat a motion to dismiss as one for summary judgment pursuant to Rule 56. *See Jeffers v. Wal-Mart Stores, Inc.*, 84 F. Supp.2d 775, 777 (S.D. W. Va. 2000).

## ANALYSIS

### A. The plaintiff failed to exhaust the available administrative remedies prior to filing her Complaint.

PrimeCare asserts that the claims in the Amended Complaint against the Medical Staff must be dismissed because the plaintiff failed to exhaust the available administrative remedies concerning those claims prior to filing this suit. PrimeCare's Memorandum of Law addresses the requirements of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), and the West Virginia Prison Litigation Reform Act ("WVPLRA"), W. Va. Code § 25-1A-2, both of which mandate that an inmate may not bring a civil action concerning prison conditions, including medical treatment, until the grievance procedures available at the correctional facility have been exhausted. W. Va. Code § 25-1A2(c). (ECF No. 18 at 3-5). The Memorandum of Law further asserts that the West Virginia statute specifically provides that "an ordinary administrative remedy" as addressed therein includes complaints concerning health care. (*Id.*) (citing W. Va. Code § 25-1A-2(a)).

PrimeCare's Memorandum of Law further asserts:

> In this case, the plaintiff admits in her Complaint that she did not follow the state prisoner grievance procedure (ECF 6 p. 23) . . . In this case the failure to exhaust administrative remedies is apparent from the face of the complaint. Therefore, the Plaintiff's claims against PrimeCare should be dismissed.

(ECF No. 18 at 5). PrimeCare emphasizes that "administrative remedies are not exhausted until all three steps of the grievance process have been completed." (*Id.* at 4-5).

7

The plaintiff's Memorandum in Opposition contends that she could not exhaust the grievance process at the WRJ because "she was removed from Western Regional Jail and housed at Lakin Correctional Center and Jail ["Lakin"]." (ECF No. 26 at 2). She further contends that "[t]here is no procedure for grievances when moved from one facility to another therefore, she went as high as she could under the constraint of her incarceration and the issues should be deemed exhausted." (*Id.* at 2-3). However, she has not provided evidence that she actually filed any grievances while at the WRJ; nor has she even stated when she was transferred to Lakin.

The medical records attached to PrimeCare's motion suggest that the plaintiff was housed continuously at the WRJ and received medical treatment there between May 7, 2018, and January 7, 2019. Such evidence further suggests that the plaintiff could have initiated and exhausted the grievance process concerning each of her medical conditions complained of within that time frame. The plaintiff claims that her finger was infected by May 7, 2018, when she was booked at the WRJ. The records indicate that the infected finger was treated and provided antibiotics on May 16, 2018. Thus, she was aware of any improper treatment for that condition by that time.

Additionally, the plaintiff was diagnosed with Hepatitis A on or about May 24, 2018, and remained quarantined and in treatment for the same from that date until about June 11, 2018. Thus, she was aware of that issue and could have grieved her perceived lack of treatment by that time. Finally, the medical records indicate that the plaintiff requested a pap smear on or about November 8, 2018, and the test was performed on January 7, 2019. Thus, the plaintiff could have grieved the alleged delay in that treatment by that time. There is no evidence in the record before the court to demonstrate that she filed any grievances concerning these issues during that time period. Moreover, when the

8

plaintiff filed both the initial letter-form complaint in this matter on November 29, 2018, and the Amended Complaint on December 14, 2018, she was still at the WRJ.

Thus, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff has not demonstrated that she properly exhausted the available administrative remedies concerning her medical treatment prior to filing the instant civil action; nor has she sufficiently established that such administrative remedies were unavailable to her. Accordingly, the claims against PrimeCare Medical of West Virginia, Inc. and/or its Medical Staff should be dismissed under 42 U.S.C. § 1997e(a) and W. Va. Code § 25-1A-2(c) for failure to properly exhaust available administrative remedies.

### B. The Complaint fails to state a plausible constitutional claim upon which relief can be granted under 42 U.S.C. § 1983.

PrimeCare has also moved to dismiss the plaintiff's Amended Complaint on the basis that it fails to state a plausible claim of deliberate indifference to a serious medical need against PrimeCare and its personnel. The vehicle for such a claim is section 1983 of Title 42 of the United States Code, which provides in pertinent part:

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress . . . .

42 U.S.C. § 1983. While not in itself a source of substantive rights, section 1983 provides a "method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To successfully establish a section 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by <u>a person</u> acting under color of state

law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)) [Emphasis added].

The undersigned is uncertain of whether the plaintiff was a pre-trial detainee or a convicted prisoner at the time in question. If she was a pre-trial detainee, her claim for inadequate medical treatment arises, if at all, under the due process clause of the Fourteenth Amendment, and not under the Eighth Amendment prohibition against cruel and unusual punishment, as asserted by the parties. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Hill v. Nicodemus*, 979 F.2d 987, 990 (4th Cir. 1992). However, the inquiry under both amendments is essentially analogous: whether the defendant exhibited deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Riley v. Dorton*, 115 F.3d 1159, 1166 (4th Cir. 1997), *overruled on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010). Thus, courts often rely upon Eighth Amendment precedent when analyzing such claims by pre-trial detainees.

"To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990); *see also Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986) (collecting cases). "Serious medical needs" are those which have been diagnosed by a physician as mandating treatment or that are so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Gaudreault v. Munic. of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990).

> Deliberate indifference may be demonstrated by either actual intent or reckless disregard. *See Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position. *See id.* Nevertheless, mere negligence

10

or malpractice does not violate the Eighth Amendment. *See Estelle*, 429 U.S. at 106.

*Miltier*, 896 F.2d at 851-852.

Because PrimeCare is a contracted medical provider for the State of West Virginia's correctional facilities, the deliberate indifference standard is applicable to the conduct of both PrimeCare and its employees, who may be considered to be acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1998). Although PrimeCare has argued that it is not a "person" under section 1983 (ECF No. 18 at 8-9), the Fourth Circuit and other federal courts have held that "[a] private corporation is liable under § 1983 . . . when an official policy or custom causes the alleged deprivation of federal rights." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 727 (4th Cir. 1999); *see also Motto v. Corr. Med. Servs.*, Case No. 5:06-cv-00163, 2007 WL 2897854, 2007 U.S. Dist. Lexis 72436 (S.D. W. Va., Sept. 27, 2007) (Johnston, J.) (unpublished); *Price v. Corr. Med. Servs.*, Case No. 2:08-cv-00259, 2008 WL 5377779 (S.D. W. Va., Dec. 18, 2008) (Faber, J. (unpublished); *Howell v. Evans*, 922 F.2d 712, 723-34 (11th Cir. 1991); *Nelson v. Prison Health Services, Inc.*, 9991 F. Supp. 1452, 1465 (M.D. Fla. 1997).

However, as noted in PrimeCare's Memorandum of Law (ECF No. 18 at 8-9), the plaintiff has not pled any allegations concerning such a policy or custom with regard to the conduct of PrimeCare Medical, Inc. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Amended Complaint fails to state a plausible deliberate indifference claim against PrimeCare Medical, Inc. and that the plaintiff's claims against it should be dismissed for failure to state a claim upon which relief can be granted.

Turning to the conduct of any unidentified individual "Medical Staff," the burden of demonstrating deliberate indifference to a serious medical need is very high. It is well-settled that:

> A medical need serious enough to give rise to a constitutional claim involves a condition that places the inmate at a substantial risk of serious harm, usually loss of life or permanent disability, or a condition for which lack of treatment perpetuates severe pain. *See Farmer [v. Brennan]*, 511 U.S. [825] 832-35 [(1994)]; *Sosebee v. Murphy*, 797 F.2d 182-83 (4th Cir. 1986); *Loe v. Armistead*, 582 F.2d 1291, 1296-97 (4th Cir. 1978).

*Rush v. VanDevander*, 2008 WL 495651 (W.D. Va., Feb. 21, 2008); *Banks v. Green Rock Corr. Ctr. Med. Dept.*, 2007 WL 2903673 (W.D. Va., Oct. 3, 2007).

However, negligence is not sufficient to demonstrate deliberate indifference to a serious medical need. *See Webster v. Jones*, 554 F.2d 1285 (4th Cir. 1977). In *Webster*, the plaintiff, who had complained numerous times of eye problems and loss of vision, claimed that he was cursorily examined after his initial complaint, but never re-examined despite later complaints. The doctor claimed that he examined Webster several times, but never diagnosed a medical problem with his eye. *Id*. at 1286. Subsequently, a specialist found that Webster's vision had deteriorated to 20/400 and that he suffered from a detached retina and iritis, and that his vision could not be restored. *Id.* The Fourth Circuit found that, even if the doctor had been negligent in failing to properly diagnose or treat him, Webster's allegations did not constitute a cognizable constitutional claim. *See also, Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998).

Likewise, disagreements between a health care provider and the inmate over a diagnosis and the proper course of treatment are not sufficient to support a deliberate indifference claim, and questions of medical judgment are not subject to judicial review. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *Russell v. Sheffer*, 528 F.2d 318, 319

(4th Cir. 1975). As noted by the Fourth Circuit, an inmate is not entitled to unqualified access to health care and treatment may be limited to what is medically necessary and not "that which may be considered merely desirable" to the inmate. *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977).

PrimeCare's Memorandum of Law asserts that the plaintiff's Amended Complaint neither pleads nor meets the legal threshold for a viable deliberate indifference claim. (ECF No. 18 at 2-3). The Memorandum of Law states:

> Simply put, the Plaintiff's Complaint does not contain enough facts to state a claim for relief that is plausible on its face. The Complaint does not contain any factual allegations to support a claim against this Defendant for a deprivationof her constitutional rights. While she makes an allegation that she had an infected finger while at the Western Regional Jail (ECF 6 p. 25), she also admits she was taken to medical, where the infected finger was treated (ECF 6 p. 26). Similarly, while she states she contracted Hepatitis A, she also admits she was housed in medical for 18 days as a result of that diagnosis (ECF 6 p.26).

(*Id.* at 3).

The Amended Complaint does not allege any specific conduct by an identified individual PrimeCare personnel that rises to the level of deliberate indifference to a serious medical need. Rather, the Amended Complaint makes conclusory allegations against unidentified employees. Even with the liberal construction afforded to the plaintiff, such allegations are too threadbare to establish any plausible constitutional claim. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the Amended Complaint fails to state a claim upon which relief can be granted against any individual PrimeCare personnel.

PrimeCare further asserts the plaintiff's medical records demonstrate that she was adequately treated for each of the conditions about which she complains, and that there

is no support for a finding of deliberate indifference to a serious medical need. PrimeCare's Memorandum of Law states in pertinent part:

> In this case, it is questionable whether an infected finger is a serious medical condition. Even so, the medical records are clear that the Plaintiff was examined by Dr. Jeremy Fuller on May 16, 2018 and was diagnosed with having "paronychia with abscess and cellulitis." The abscess was lanced and she was treated with antibiotics. (*See,* PrimeCare Medical Records, attached hereto as **Exhibit A**). There was no deliberate indifference to her medical need, whether it was serious or not.
>
> The Plaintiff did, however, contract Hepatitis A, which is a serious medical need. She presented to medical on May 24, 2018 with jaundice and blood was drawn for a hepatitis panel. When she tested positive for Hepatitis A, she was quarantined in medical so that her condition could be monitored and her vital signs were checked daily. (*See,* PrimeCare Medical Records attached hereto as **Exhibit B**). On June 11, 2018, she was examined by Dr. Harry Hinchman, was found to have no jaundice, she reported feeling well, and she was released back to the general population. (*See*, **Exhibit A**).
>
> Lastly, the Plaintiff makes a complaint about requesting a pap smear and not receiving it. Medical records show the pelvic exam and pap smear were done by Angela Nicholson, MSN, ARPN, FNP-C, on January 7, 2019. (*See*, **Exhibit A**). The cytology report was negative for intraepithelial lesion or malignancy. (*See*, Bio Reference Laboratories Report, attached hereto as **Exhibit C**). There is simply no basis for a claim of deprivation of constitutional rights in this case.

(ECF No. 18 at 10-11). The Memorandum of Law further states:

> Reviewing the records referenced above, it is clear that Plaintiff received appropriate treatment while incarcerated at the Western Regional Jail. Therefore, PrimeCare should be granted summary judgment pursuant to Fed. R. Civ. P. 56 and be dismissed from this action. There is no genuine issue of material fact in dispute regarding the diagnosis and treatment of Plaintiff's condition.

(*Id.* at 11-12).

The plaintiff's Memorandum in Opposition cursorily asserts that the treatment she received was not timely rendered and that that "an officer had to intercede in order to get [her] medical treatment – especially in the area of Hepatitis A." (ECF No. 26 at 3). She

contends that these facts should be sufficient to meet the two prongs of an Eighth Amendment deliberate indifference claim. (*Id.*)

It is clear from the undisputed evidence produced in support of the defendant's motion that the plaintiff received effective treatment for each of the conditions of which she complains. At best, the plaintiff's allegations demonstrate a difference of opinion concerning the proper course of treatment for her conditions and the judgment of the medical providers, which is insufficient to support a finding of deliberate indifference. Based upon the undisputed facts, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff has failed to establish that PrimeCare or any of its personnel were deliberately indifferent to any of the plaintiff's serious medical needs. Accordingly, the undersigned alternatively proposes that the presiding District Judge **FIND** that the "Medical Staff" is entitled to judgment as a matter of law on the plaintiff's claims concerning her medical treatment.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** PrimeCare's Motion to Dismiss and Alternative Motion for Summary Judgment (ECF No. 17), dismiss the claims against PrimeCare Medical of West Virginia, Inc. and/or its "Medical Staff," and leave this matter referred to the undersigned United States Magistrate Judge for additional proceedings concerning the claims against the other defendants.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States

District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985*); United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the opposing parties and Judge Chambers.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

November 18, 2019

Dwane L. Tinsley
United States Magistrate Judge